UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY D. REAVES, #170656,

        Plaintiff,

                                    CASE NO. 05-CV-72595-DT
v.                                  HONORABLE VICTORIA A. ROBERTS

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT

I.     Introduction

Before the Court is Plaintiff Anthony Reaves' civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Marquette Branch Prison in Marquette, Michigan. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Defendants are the Michigan Department of Corrections and several state corrections officials and employees.

In his complaint, Plaintiff alleges that the defendants have failed to properly calculate his sentence, have engaged in racial discrimination regarding his custody level, have improperly placed him on modified access to the grievance procedure, have limited his access to the courts by imposing legal agreement restrictions, and have violated his Eighth Amendment rights in numerous ways. Plaintiff seeks monetary damages, injunctive relief, and other appropriate relief. Having reviewed the complaint, the Court dismisses it pursuant to 42 U.S.C. § 1997e(a) for failure to demonstrate exhaustion of administrative remedies.

II.    Discussion

1

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust all available administrative remedies before filing a federal lawsuit challenging his conditions of confinement. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir. 1999). To demonstrate exhaustion of administrative remedies, a prisoner must attach the decision containing the administrative disposition of his grievance or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Exhaustion is not jurisdictional; but it is mandatory, *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999), even if proceeding through the administrative system would be "futile." *Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir. 1999). The exhaustion requirement applies to § 1983 actions brought by a state prisoner even if the prisoner seeks monetary relief. *Lavista v. Beeler*, 195 F.3d 254, 256-57 (6th Cir. 1999). Federal courts may enforce the exhaustion requirement *sua sponte*. *See Brown*, 139 F.3d at 1104.

A prisoner must exhaust administrative remedies as to each defendant and as to each claim identified in the complaint. *See Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). The prisoner has the burden of proving that a grievance has been fully exhausted. *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002). When a prisoner fails to exhaust administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts those remedies, dismissal of the complaint is appropriate. *See* 42 U.S.C. § 1997e(a); *Smith v. Federal Bureau of Prisons*, 300 F.3d 721, 723 (6th Cir. 2002). The United States Court of Appeals has recently clarified that total exhaustion is required under the PLRA such that a complaint containing both exhausted and unexhausted claims must be dismissed without prejudice. *See Bey v. Johnson*,

2

407 F.3d 801, 806 (6th Cir. 2005).  Under the PLRA, a prisoner may not amend the complaint to cure the failure to plead exhaustion of administrative remedies.  *See Baxter*, 305 F.3d at 488.

In his complaint, Plaintiff states that he has filed grievances with regard to some of his civil rights claims, but admits that he has not done so as to all of the claims contained in his complaint.  He also does not indicate whether he has completely pursued his remedies through the appellate process of the grievance procedure.  He has thus failed to set forth with sufficient specificity the steps that he took to fully and properly exhaust his administrative remedies, nor does he attach grievances or other requests that he may have submitted to prison officials.  Plaintiff has not met his burden of showing that he has fully exhausted his administrative remedies as to each of the claims contained in his complaint.  Pursuant to the total exhaustion rule, therefore, his complaint must be dismissed.

III.    Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to demonstrate total exhaustion of administrative remedies.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's civil rights complaint.  The Court further concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  August 2, 2005

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 2, 2005.

s/Carol A. Pinegar
Deputy Clerk

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY D. REAVES, #170656,

       Plaintiff,

                                 CASE NO. 05-CV-72595-DT
v.                                    HONORABLE VICTORIA A. ROBERTS

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

       Defendants.
_____/

The above-entitled matter having come before the Court, Honorable Victoria A. Roberts, United States District Judge, presiding, and in accordance with the Opinion and Order entered on this date;

**IT IS ORDERED AND ADJUDGED** that Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 is **DISMISSED WITHOUT PREJUDICE.**

                                            S/Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated:  August 2, 2005

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 2, 2005.<br><br>s/Carol A. Pinegar<br>Deputy Clerk |

5